S787M/00037

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| SHAUNDRA H. SHAW, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action Number:  2:16-cv- ) |
| STATE FARM VP MANAGEMENT CORP. | ) ) ) ) |
| Defendant. | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §1446, Defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), incorrectly named in the Complaint as State Farm VP Management Corporation, hereby files this Notice of Removal removing this case from the Chancery Court of Shelby County, Tennessee, Case No. CH-16-1130, where it is currently pending, to the United States District Court for the Western District of Tennessee.  This cause is removable pursuant to 28 U.S.C. § 1332, in that Plaintiff's claims invoke the Court's diversity jurisdiction and the amount in controversy exceeds the statutorily required $75,000.00.  In support of removal, State Farm respectfully shows the Court as follows:

### INTRODUCTION

1. State Farm Fire and Casualty Company is a foreign corporation incorporated in the State of Illinois and whose principal place of business is in Bloomington, Illinois.

2. Plaintiff, Shaundra H. Shaw, is a resident of the State of Tennessee.

3. Plaintiff's complaint seeks damages in excess of Seventy-Five Thousand Dollars ($75,000).

4. The United States District Court for the Western District of Tennessee is the federal judicial district embracing the Chancery Court of Shelby County, Tennessee, where this suit was originally filed. Venue is therefore proper under 28 U.S.C. §§ 81(b)(1) and 1441(a).

5. Pursuant to 28 U.S.C. §§ 1332, this civil action is removable as it invokes the federal court's diversity jurisdiction. This Court therefore has subject matter jurisdiction over this civil action, and removal is proper.

## PROCEDURAL HISTORY

6. Shaundra H. Shaw ("Plaintiff") instituted this civil action in the Chancery Court of Shelby County, Tennessee, on July 8, 2016, arising out of State Farm's denial of a claim for benefits on Policy No. 3070-251-42A. A true and correct copy of all process and pleadings as served upon State Farm is attached hereto as Exhibit "A" and is incorporated herein by reference.

7. Pursuant to 28 U.S.C. 1446(d), a copy of this Notice of Removal will be filed with the Shelby County Chancery Court, and written notice will be provided to Plaintiff along with a copy of this pleading.

## REMOVAL IS TIMELY FILED UNDER § 1446(b)

8. "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446

9.   State Farm was served with the summons in this action via Certified Mail on August 3, 2016. As such, pursuant to 20 U.S.C. § 1446(b), this notice of removal is timely filed since it is filed on or before September 6, 2016.[1]

## NON-WAIVER OF DEFENSES

10.   By removing this action from Shelby County Chancery Court, State Farm does not waive any defenses available to it.

11.   By removing this action from Shelby County Chancery Court, State Farm does not admit any of the allegations in Plaintiff's complaint.

**WHEREFORE, PREMISES CONSIDERED,** Defendant State Farm, by and through its counsel, desiring to remove this civil action to the United States District Court for the Western District of Tennessee, being the district and division for the county in which such civil action is pending, prays that the filing of this Notice of Removal, the giving of written notice thereof to Plaintiff, and the filing of a copy of this Notice of Removal with the clerk of the Chancery Court of Shelby County, Tennessee, shall effect the removal of said civil action to this Honorable Court.  Defendant demands a jury to try the issues.

Respectfully submitted this 2nd day of September, 2016.

---

[1] As service was accomplished by mail, State Farm has 33 days to remove this action. The 33-days ends on Monday, September 5, 2016, which is Labor Day, a Federal holiday. Therefore, the deadline is the following business day, Tuesday, September 6, 2016.

**LEWIS, THOMASON, KING, KRIEG  & WALDROP, P.C.**

By: s/ Jonathan L. May
CHRISTOPHER L. VESCOVO  (14516)
JONATHAN L. MAY  (27408)
*Attorneys for Defendant State Farm Mutual Automobile Insurance Company*
2900 One Commerce Square
40 South Main Street
Memphis, TN 38103
(901) 525-8721
cvescovo@lewisthomason.com
jmay@lewisthomason.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon the following listed person, via U.S. Mail, postage pre-paid, this the 2nd day of September, 2016:

Ted I. Jones, Esq.
Jones & Garrett
2670 Union Ave., Extd., Suite 1200
Memphis, TN  38112
*Attorney for Plaintiff*

s/ Jonathan L. May

6859519



**CORPORATION SERVICE COMPANY**

# Notice of Service of Process

GDH / ALL
Transmittal Number: 15464751
Date Processed: 08/03/2016

| | |
|---|---|
| **Primary Contact:** | Pat Granger<br>State Farm<br>1 State Farm Plaza<br>Bloomington, IL 61710-0001 |
| **Entity:** | State Farm VP Management Corp.<br>Entity ID Number 1687143 |
| **Entity Served:** | State Farm VP Management Corp. |
| **Title of Action:** | Shaundra H. Shaw vs. State Farm Vp Management Corp. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Memphis Chancery Court, Tennessee |
| **Case/Reference No:** | CH-16-1130 |
| **Jurisdiction Served:** | Tennessee |
| **Date Served on CSC:** | 08/03/2016 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| **Sender Information:** | Ted I. Jones<br>901-526-4249 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882 | sop@cscinfo.com


EXHIBIT A

| STATE OF TENNESSEE<br>30th JUDICIAL DISTRICT<br>CHANCERY COURT | SUMMONS** | DOCKET NUMBER<br>CH-16-1130<br>PART-1 |
|---|---|---|
| Plaintiff<br><br>Shaundra H. Shaw | | Defendant<br><br>State Farm VP Management Corp. |

TO:  (NAME AND ADDRESS OF DEFENDANT)

State Farm VP Management Corp.

serve: Corporation Service Company

2908 Poston Avenue

Memphis, TN 37203

Method of Service:

☐ Shelby County Sheriff
☐ Private Process Server
☐ Out of County Sheriff*
☐ Secretary of State*
☐ Comm. Of Insurance*
☒ Certified Mail
☐ Other
*Attach Required Fees

You are summoned to defend a civil action filed against you in the Chancery Court of Shelby County, Tennessee. Your defense to this action must be made within thirty (30) days from the date this summons is served upon you. You must file your defense with the Clerk of the Court and send a copy to the Plaintiff/Plaintiff's attorney at the address listed below. If you fail to defend this action within thirty (30) days of service, judgment by default may be rendered against you for the relief sought in the Complaint. Questions regarding this summons and the attached documents should be addressed to the Attorney/Plaintiff listed below.

Attorney for Plaintiff or Plaintiff if filing Pro Se:
(Name, address & telephone number)

Ted I. Jones, #11017

Jones & Garrett, Professional Association

Suite 1200, 2670 Union Avenue Extended

Memphis, TN 38112

ISSUED 8th of July 20 16

Donna L. Russell, Clerk and Master

By: _____ Deputy Clerk & Master

140 Adams, Room 308   Memphis, TN 38103

TO THE SHERIFF:

Came to hand _____ day of _____, 20___

Sheriff

**CERTIFICATION (IF APPLICABLE)**

I, Donna L. Russell, Clerk & Master of the Chancery Court in the State of Tennessee, Shelby County, do certify this to be a true and correct copy of the original summons issued in this case.

Donna L. Russell, Clerk & Master
By: _____ D. C. & M.

**Submit one original and one copy for each defendant to be served.
☞ If you need assistance or accommodations because of a disability, please call the ADA Coordinator at (901)222-2341.

**Notice of Personal Property Exemption:**
TO THE DEFENDANT(S):

Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state docket number on list.

## RETURN OF SERVICE OF SUMMONS

I hereby certify that I **HAVE** served the within summons:

By delivering on the _____ day of _____, 20_____ at _____ am/pm a copy of the

summons and a copy of the Complaint to the following Defendant _____

at _____

_____          By: _____
Signature of person accepting service                                            Sheriff or other authorized person to serve process

## RETURN OF NON-SERVICE OF SUMMONS

I hereby certify that I **HAVE NOT** served the within summons:

To the named defendant _____ because _____

is (are) not to be found in this county after diligent search and inquiry for the following reason(s):_____.

This _____ day of _____, 20 _____
                                                                                        By: _____
                                                                                             Sheriff or other authorized person to serve process

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the _____ day of _____, 20_____, I sent, postage prepaid, by registered return receipt

mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case CH-_____ to the

defendant _____. On the _____ day of _____, 20_____, I

received the return receipt, which had been signed by _____ on the _____ day of _____,

20 _____. The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

| Sworn to and subscribed before me on this _____ day of _____, 20_____. | Signature of Plaintiff, Plaintiff's attorney or other person authorized by statute to serve process. |
|---|---|
| Signature of ____ Notary Public or ____ Deputy Court Clerk: | |
| My Commission Expires: | |
| ATTACH RETURN RECEIPT HERE (IF APPLICABLE) | |

IN THE CHANCERY COURT OF SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

SHAUNDRA H. SHAW,

    Plaintiff,

VS.                             No. CH-16-1130 PART-1

STATE FARM VP MANAGEMENT CORP.,

    Defendants.

*Filed stamp: SHELBY COUNTY CHANCERY COURT, JUL 08 2016, DONNA L. RUSSELL, C & M, TIME:___ BY:___*

---

### COMPLAINT FOR BREACH OF CONTRACT, MISREPRESENTATION IN CLAIMS PROCESS, AND FOR DECLARATORY JUDGMENT TO HAVE PERSONAL PROPERTY DECLARED A TOTAL LOSS UNDER POLICY PROVISIONS

---

COMES NOW your Plaintiff herein, SHAUNDRA H. SHAW, to file this as her claim for relief under contract and in equity, and in support thereof, she would show the following unto the court:

I.

Plaintiff is a resident and citizen of Shelby County, Tennessee as is relevant to all of the allegations in this complaint.

II.

On or about February 22, 2016 at 3:49 p.m. the Plaintiff was the owner of a 2015 Cadillac Escalade which was involved in a traffic accident in Shelby County, Tennessee. The vehicle had a VIN number of 1GYS3PKJ8FR644293. The vehicle was purchased new not long before and was believed to be in excellent condition.

III.

At the time of the accident the Plaintiff had a valid contract or policy of insurance on the vehicle with the Defendant. It resulted in a claim for personal property damages, among other things, with respect to the vehicle. The defendant's claim number is believed to be 42-8C10-921. The Defendant is the entity or umbrella entity that underwrote the policy of insurance and its agent for service of process is Corporation Service Company, 2908 Poston Avenue, Memphis, Tennessee, 37203.

IV.

The impact of the accident was massive. Virtually all of the vehicle was damaged or impacted in some way. Because of the precise site and manner of impact, the air bags in the vehicle did not deploy, and Plaintiff alleges, that the vehicle was damaged, spoiled, ruined, and/or destroyed as to all of its computer workings and as to all sensors which had been factory installed.

V.

Upon information and belief, the vehicle was wrongly evaluated by the Defendant as being a loss of $20,277.51 which was later appended by supplement to $25,157.92. Plaintiff arranged to have the vehicle taken to Abra Auto Body and Glass Repair in Collierville. At that location Plaintiff was advised privately by the employees there that the vehicle should not be repaired and was in fact a total loss. Abra Auto Body and Glass Repair undertook their own examination of the vehicle and it is presently "broken down" or stored at their shop. While there, Plaintiff has

undertaken some care, time, and expense for an independent evaluation of the vehicle confirming in her mind that the vehicle is a total loss.

## VI.

While the investigation and dispute has been ongoing Plaintiff has continued to make financial payments on the notes for the vehicle to BMW Financial Services. Strangely, the Defendant indicated that they would not speak with her attorney until they got a letter of representation, and thereafter would only speak with him, but for some reason they received the letter of representation and continued to contact her directly. The Defendant and its representatives have added to the confusion in the case. Plaintiff undertook to try and have another body shop on the "approved" list pick up the vehicle to evaluate it and/or commence repairs or give an estimate. Upon information and belief, all were told essentially not to take on the repair or that the estimate with its supplement would all that would be paid under the policy of insurance. Defendant refuses to reevaluate its mistake.

Therefore, in following the policies and procedures of the Defendant, Defendant owns a vehicle which has been a total loss, and in fact the Defendant knew or should have known that the vehicle was a total loss. The Defendant has proceeded on the negotiations under the policy of insurance in bad faith, and operates under a reckless disregard of actual facts with a view toward not compensating policy holders. The policy is also, apparently designed, to never have the Defendant re-examine its views or have second opinions and evaluations come forward.

## VI.

Plaintiff specifically and directly alleges the following misrepresentations against the Defendant:

a) That the Plaintiff can have the repair evaluated and conducted by an approved body shop of her choice;

b) That the Plaintiff will properly consider damages to computer assisted sensors and systems in the vehicle when evaluating repairs;

c) That the Defendant will not intimidate or coerce body shops and customers such that the employees of the approved shops tell the customer and insurance policyholders one thing, and the Defendant another;

d) That the Defendant systematically considers computer issues and sensor issues to be a manufacturer problem, when in fact, they know or should know from an impact of this degree that such was directly and proximately caused by the accident.

e) That the Defendant breached its policy of insurance and shorted the value of the Plaintiff's claim.

**WHEREFORE, PREMISES CONSIDERED, DEFENDANT PRAYS:**

1. That the Defendant be found to have breached its contract of insurance.

2. For money damages arising from such breach including storage and repair.

3. For a declaratory that the subject vehicle is a total loss under the policy.

4. For such further and other relief as to which the Defendant may be entitled.

RESPECTFULLY SUBMITTED,

*/signature/*

TED I. JONES, #11017
JONES & GARRETT
Professional Association
Suite 1200
2670 Union Avenue Extended
Memphis, Tennessee  38112
(901) 526-4249
(901) 568-2292, cell
Dtedijones@aol.com



B&K
4384 Fiske Ridge Cove
Bartlett TN 38135

7015 0640 0000 4339 9267

State Farm VP Management Corp-
Corporation Service Company
2908 Poston Ave
Nashville TN 37203
37203-131208